Mr. Justice Cox
delivered the opinion of the Court:
The- appellant filed an application in the Patent Office on the 28th of December, 1878, for letters patent for certain improvements in telephones.
His application was rejected by the primary examiner, by the examiners in chief on appeal, and finally by the Commissioner of Patents, on appeal to him.
From the decision of the commissioner an appeal is taken to this court.
The reasons for appeal, filed by the claimant, are as follows, viz:
1. For that, in said decision, it was not held that the device of said Chinnock, set forth in his application, was a practical contact speaking telephone.
*595 2. For that, in said decision, it was held that the said Chinnock was not,' at the time of the preparation of his application, in possession of knowledge of the principle involved in a speaking telephone.
3. For that, in said decision, it was riot held that a variable contact of the electrodes of the telephone set forth in the application, and electrical undulation, were contemplated.
4. For that, in said decision, it was held that said Chinnock was attempting to construct a telephone transmitter which operated on the make and break principle.
5.- For that,.in said decision, it was held that the amendments tendered by said Chinnock, after the rejection of his application and subsequent to the interference were not permissible.
6. For that, in said decision, it was not held that said Chinnock had set forth his improvement in his specification and drawings in terms sufficiently full, clear and exact to enable one skilled in the art to make and practice his invention.
7. For that, in said decision, it was not held that Chin-node was entitled to a patent because he had made án improvement in a telephone, regardless of whether such telephone was a speaking telephone.
With regard to the last of the reasons, it is proper to say that as the applicant contended before the office that his device, was an operative speaking telephone, we have no doubt that such was intended to be his invention and such he (would claim it to be if a patent should issue, and we do not think that a patent should issue on any other ground.
As to the sixth reason, we do not find that the commissioner’s decision embraced the point mentioned in it.
With reference to the fifth reason, viz: The commissioner’s holding that the amendments to his specification, tendered by the applicant, were not admissible, we have to remark that no appeal to this court is provided for in the statute, from any ruling of the office on the admissibility of amendments to specifications. We understand that we are *596 to review the decision of the commissioner on the claims as they are presented to him for final decision, either in the shape in which they were originally made or as amended with the leave-of the office.
The other reasons relate to the grounds on which the application was rejected on its merits.
The commissioner, following the decisions of the primary examiner and examiners in chief, held that the invention described by the applicant was not an operative, variable contact speaking telephone, and that the principle of such a telephone was apparently unknown to the claimant at the time he filed his application, as, in fact, it was a novelty in the art: that his device was rather on the make and break principle, and for that reason, not adapted to the transmission of articulate speech, while it might be to the transmission of some sounds, such as musical tones.
We have examined the opinions of the examiners and of the commissioner, and the arguments of counsel, and have been unable to see that the commissioner was in error in his decision. It is therefore affirmed.